32

# \UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

|  |  |
|---|---|
| BILL LIETZKE,<br><br>                    Plaintiff,<br><br>vs.<br><br>SHASHY REALTY, LLC; and PAUL<br>SHASHY, LLC;<br>                    Defendants. | Case No. 1:25-cv-00732-BLW<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

Pro se Plaintiff Bill Lietzke, a citizen of Montgomery, Alabama, has filed a civil Complaint against various Alabama Defendants who allegedly unlawfully attempted to evict him from a rental property in 2025, despite Plaintiff's assertion that he had paid rent in compliance with the parties' written contract.  He desires to proceed in forma pauperis.

The Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all non-prisoner pauper complaints to determine whether they have stated a claim upon which relief can be granted before being served on the defendants. 28 U.S.C. § 1915. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

The following problems prevent Plaintiff from proceeding. First, a federal court must satisfy itself that it has authority to exercise personal jurisdiction over the defendant. Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To avoid dismissal, Plaintiff must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987).

Personal jurisdiction over a nonresident defendant exists if  (1) the nonresident defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Data Disc, Inc. v. Systems Technology Assoc., Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977). Plaintiff is a citizen of Alabama, the acts complained of occurred in Alabama, and the Defendants appear to be Alabama-based entities. There are no allegations that the entities operate in Idaho or that any incident or transaction connected to the claims occurred in Idaho. No facts support a conclusion that the Court has personal jurisdiction over the Alabama defendants.

Second, venue must also be proper. Legal actions may be brought only in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

No facts support a conclusion that venue in Idaho is appropriate for the same reason that personal jurisdiction does not lie.

Based on the facts alleged in the Complaint, it does not appear that Plaintiff can come forward with any facts showing that this Court has personal jurisdiction over this case or that venue in Idaho is proper. Because Plaintiff previously has been declared a vexatious litigant in the Alabama federal district court, this Court finds it appropriate to dismiss this case and require Plaintiff to petition the proper Alabama court to be able to proceed. The Court will not transfer this case for Plaintiff, who appears to be attempting to dodge the vexatious litigant order in the proper jurisdiction. *See, e.g., Lietzke v. County of Montgomery, et al.*, 2:21-cv-00209-RAH-JTA (M.D. Ala. 2007) (dismissed with prejudice and recognizing Lietzke as a vexatious litigant). This Order is entered without any opinion as to whether this new cause of action is governed by the vexatious litigant order.

Plaintiff has filed over 228 cases in the federal court system, many of which are repetitive and a waste of scarce judicial resources funded by taxpayers. He has filed numerous complaints in Alabama, Alaska, Arizona, California, Idaho, Iowa, Maine, Massachusetts, Michigan, Minnesota, Montana, Nebraska, Nevada, New York, North Dakota, South Dakota, Texas, Utah, Washington, and Wyoming. His case against these same defendants brought in Utah was recently dismissed after he failed to prosecute the

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

case in the face of an order to show cause why venue in Utah was proper. *See Lietzke v. Shashy Realty, LLC*, 2:25-cv-00701-AMA (C.D. Utah 2025).

Accordingly, Court will dismiss this case without prejudice.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's in Forma Pauperis Application (Dkt. 1) is DENIED as MOOT.

2. The Complaint (Dkt. 2) is DISMISSED without prejudice.

DATED: April 3, 2026

B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**